(No. 51817.—

SUREN PASHINIAN, Appellant, v. ALEX HARITONOFF, Appellee.

*Opinion filed June 20, 1980.—Rehearing denied September 26, 1980.*

378

WARD, J., and GOLDENHERSH, C.J., and MORAN, J., dissenting.

Toni McNamara, Richard S. Fleisher and Barbara J. Clinite, of Karlin & Fleisher, of Chicago (David A. Novoselsky, of counsel), for appellant.

Leo J. Sullivan III, Michael K. Noonan, and Richard J.

Smith, of Waukegan (Sullivan, Smith & Hauser, Ltd., of counsel), and D. Kendall Griffith, of Chicago (Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of counsel), for appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

Plaintiff, Suren Pashinian, filed suit in the circuit court of Lake County seeking damages for personal injuries he sustained as the result of a fall in the home of defendant, Alex Haritonoff. The circuit court dismissed plaintiff's complaint, and the appellate court affirmed (79 Ill. App. 3d 1203) in an unpublished order under Rule 23 (73 Ill. 2d R. 23). We allowed plaintiff's petition for leave to appeal.

Plaintiff's amended complaint alleges that, on or about September 1, 1975, he was visiting defendant in defendant's home and that, in attempting to locate the restroom, he fell down a flight of stairs leading to the basement. Count I of the complaint alleged that the fall resulted from defendant's wilful and wanton failure to properly maintain the premises or, alternatively, from defendant's wilful and wanton failure to warn plaintiff of the defective condition of the stairway. Count II was phrased in similar terms but characterized defendant's omissions as negligent rather than wilful and wanton. Plaintiff later voluntarily dismissed count I, and count II was dismissed on motion by defendant on the ground that plaintiff, admittedly a social guest of defendant, could not recover on a negligence theory.

Plaintiff concedes that, under existing law, dismissal of the negligence count was proper. (See *Biggs v. Bear* (1943), 320 Ill. App. 597.) He acknowledges that, as a social guest of defendant, he is properly denominated a licensee and therefore unable to recover in the absence of a showing of wilful and wanton misconduct. He contends,

however, that existing law should be changed. Specifically, plaintiff attacks the so-called "premises doctrine" under which an occupier's duty to entrants varies, depending on whether the entrant is an invitee, licensee or trespasser. Plaintiff contends that the circumstances under which the doctrine developed have so changed as to require a change in the law. Plaintiff further argues that exceptions have engulfed the general classifications and created confusion, thereby calling the validity of the doctrine into question. Therefore, plaintiff contends, this court should adopt a standard of ordinary care in all cases involving injuries sustained by one who enters upon the premises of another. Defendant argues in response that no change in conditions is discernible which would require a change in the common law; that the home remains a form of sanctuary in which the occupant enjoys some degree of immunity from liability to his social guests; and that any change in the law would more properly be left to the legislature. Defendant argues further that the existence of exceptions to the general categories of invitee, licensee, and trespasser does not require invalidation of the premises doctrine *in toto* but only indicates the desire of courts to do justice in the individual case.

Having considered this matter and the cases cited by plaintiff in which the premises doctrine has been abolished in whole or in part (Annot., 32 A.L.R.3d 508, sec. 4 (1970)), we are not persuaded that conditions have so changed as to require a change in the law. On this point, we concur with the numerous jurisdictions which have refused to discard the premises doctrine. (See, *e.g., Gerchberg v. Loney* (1978), 223 Kan. 446, 450-51, 576 P.2d 593, 597-98; *McMullan v. Butler* (Ala. 1977), 346 So. 2d 950, 951-52; *Werth v. Ashley Realty Co.* (N.D. 1972), 199 N.W.2d 899, 906-07; *Mooney v. Robinson* (1970), 93 Idaho 676, 678, 471 P.2d 63, 65; *Astleford v. Milner Enterprises, Inc.* (Miss. 1970), 233 So. 2d 524, 525.) An

381

individual can still expect to find some degree of refuge on his own property. A standard which holds the individual responsible for wilful and wanton misconduct strikes an appropriate balance between the desirability of such refuge and the need to hold one liable for tortious conduct. "[I] f the mores and values of present society dictate changes such changes should be worked out individually as the circumstances of a particular case may warrant. Such changes will result in less general confusion and better understanding of each particular change." (*Gerchberg v. Loney* (1978), 223 Kan. 446, 452, 576 P.2d 593, 598.) In the absence of evidence to the contrary, we believe it reasonable to assume that the distinctions drawn between invitee, licensee and trespasser provide valuable guidance to the finder of fact and that juries, as well as judges, are able to recognize and apply the distinctions and the exceptions thereto intelligently, so that a defendant is called upon to respond in damages when it is just to do so.

While we do not agree with plaintiff that the premises doctrine should be abolished, we also do not agree with defendant that such action could only be accomplished by the legislature. We are dealing here with the common law, and a change in the circumstances upon which that law is based could justify a judicially effected change in the law. (*Renslow v. Mennonite Hospital* (1977), 67 Ill. 2d 348, 352-53; *Darling v. Charleston Community Memorial Hospital* (1965), 33 Ill. 2d 326, 336-37; *Suvada v. White Motor Co.* (1965), 32 Ill. 2d 612, 614-17; *Dini v. Naiditch* (1960), 20 Ill. 2d 406, 413-17; *Molitor v. Kaneland Community Unit District No. 302* (1959), 18 Ill. 2d 11, 14-26.) We hold merely that conditions have not so changed that the common law should be rewritten.

The judgment of the appellate court is accordingly affirmed.

*Judgment affirmed.*

MR. JUSTICE WARD, dissenting:

In recent years a number of jurisdictions have abandoned, in whole or in part, the tripartite classification of entrants upon land in terms of their status which the common law used in determining tort liability. (See Annots., 32 A.L.R.3d 508 (1970), 25 A.L.R.2d 598 (1952); Note, *Tort Liability of Owners and Possessors of Land—A Single Standard of Reasonable Care Under the Circumstances Towards Invitees and Licensees,* 33 Ark. L. Rev. 194 (1979).) I nevertheless agree with the majority that to abolish the common law doctrine of premises liability in its entirety would not be warranted in this case. Such a course would eliminate many rules, such as those governing trespassers, which are not relevant here. I do not believe, however, that the complaint should have been dismissed for failure to state a cause of action.

The complaint does not state in what respect the stairway was defective, nor does it state whether the defendant's fault lay in a failure to correct the defect or only to warn the plaintiff of its existence. The paucity of factual allegations makes it impossible for the court to determine whether the plaintiff might indeed be entitled to recovery as a licensee under existing doctrine, and, if he is not, to formulate a standard of liability which would be meaningful.

The complaint does allege, nevertheless, that the plaintiff was present in the defendant's residence at the defendant's express invitation, and the question is thus before us whether the plaintiff is entitled to less protection than would be due were the purpose of his visit a matter of business concern to the defendant. I do not think that such a distinction should be drawn.

The difference between the duty owed to a licensee and to an invitee has been recognized in this State at least as early as *Pauckner v. Wakem* (1907), 231 Ill. 276. The concept that a social guest is not, in the legal sense,

an invitee, however, stems only from a decision of the appellate court in *Biggs v. Bear* (1943), 320 Ill. App. 597. The court based its decision in that case upon two Massachusetts decisions, *Plummer v. Dill* (1892), 156 Mass. 426, 31 N.E. 128, and *Comeau v. Comeau* (1934), 285 Mass. 578, 189 N.E. 588, which in turn had their origin in the English case of *Southcote v. Stanley* (1856), 1 H. & N. 247, 25 L.J. Ex. (n.s.) 339, 156 Eng. Rep. 1195. Of the latter it is perhaps sufficient to say that the rationale put forward by the court strikes a reader of today as unpersuasive.

Exclusion of a social guest from the class of invitees has been based by some courts on the proposition that even in a commercial setting the basis for imposing a higher duty toward invitees is the actual or potential economic benefit to the operator of the establishment. (See Prosser, Torts sec. 61, at 386-87 (4th ed. 1971); Prosser, *Business Visitors and Invitees,* 26 Minn. L. Rev. 573, 603-05 (1942).) As Prosser notes, however, a majority of courts now base liability on the theory that a landowner who encourages others to enter in order to further some purpose of his own impliedly represents "that reasonable care has been exercised to make the place safe for those who come for that purpose." Prosser, Torts sec. 61, at 388 (4th ed. 1971). On this theory there would be no reason to withhold protection from a guest invited to residential premises simply because the invitation was not made for a business purpose. See *Antoniewicz v. Reszczynski* (1975), 70 Wis. 2d 836, 845-46, 236 N.W.2d 1, 5.

I would hold that the standard of care owed to a social guest shall be the same as that owed to a business visitor.

GOLDENHERSH, C.J., and MORAN, J., join in this dissent.