RAYMOND GRIMWOOD, Plaintiff-Appellant, v. TABOR GRAIN COMPANY, Defendant-Appellee.

Third District   No. 3—84—0379

Opinion filed February 14, 1985.

Robert A. Morelli, of Telford & Morelli, Ltd., of La Salle, for appellant.

Michael T. Reagan, of Herbolsheimer, Lannon, Henson, Duncan & Reagan, P.C., of La Salle, for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

The plaintiff-appellant, Raymond Grimwood, brought this action against the defendant-appellee, Tabor Grain Company, to recover for personal injuries suffered when he fell off his motorcycle after turning onto the entranceway of the defendant's plant. Count I of the plaintiff's amended complaint alleged negligence on the part of the defendant, and count II alleged wilful and wanton misconduct. The trial court granted summary judgment for the defendant on both counts.

The facts pertinent to this appeal are as follows. The plaintiff's father, Clifford Grimwood (Mr. Grimwood), was employed by the defendant at its grain elevator in Long Point. On June 21, 1984, Mr. Grimwood was at the elevator working on the defendant's equipment. Mr. Grimwood was not scheduled to work that day, a Sunday, and the elevator was not open for business. At about noon, the plaintiff drove his motorcycle to the defendant's elevator to remind his father to come home for lunch. The plaintiff was not employed by the defend-

ant. As the plaintiff turned onto the defendant's driveway, he hit a series of potholes and ruts and fell to the ground, injuring himself.

On several occasions before the accident, the plaintiff had visited his father at the defendant's grain elevator during both working and nonworking hours. Other members of Mr. Grimwood's family had also visited Mr. Grimwood at work. Mr. Grimwood was never told by his supervisor that members of his family should not visit him at the plant. During the plaintiff's prior visits to the elevator, he had traveled over the driveway. However, he had never traveled over the driveway on his motorcycle. The plaintiff had known for approximately one year of the driveway's bad condition. He saw the potholes and ruts as he turned onto the driveway on the day he was injured.

■■ ■ The plaintiff's first contention is that summary judgment was improperly granted as to count I (negligence) because there were questions of material fact as to his status on the defendant's property. He also maintains that the trial court was incorrect in determining that he was not an invitee.

Summary judgment is appropriate "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ill. Rev. Stat. 1983, ch. 110, par. 2—1005(c).

In Illinois, under the so-called "premises doctrine," the duty a property owner owes to a person who enters his premises depends on whether the entrant is an invitee, licensee, or trespasser. (*Pashinian v. Haritonoff* (1980), 81 Ill. 2d 377, 380, 410 N.E.2d 21, 21.) A landowner must exercise reasonable care for the safety of an invitee, but must only refrain from wilfully and wantonly injuring a licensee or a trespasser. *Trout v. Bank of Belleville* (1976), 36 Ill. App. 3d 83, 87, 343 N.E.2d 261, 264.

■■■ A person is an invitee if: (1) he enters the premises of another by express or implied invitation; (2) his entry is connected with the owner's business or with an activity the owner conducts or permits to be conducted on his land; and (3) there is a mutuality of benefit or a benefit to the owner. (*Madrazo v. Michaels* (1971), 1 Ill. App. 3d 583, 586, 274 N.E.2d 635, 638.) A licensee is a person who goes on the premises of another with the owner's express or implied consent "to satisfy his own purposes rather than for the mutual benefit of himself and the owner or a purpose connected with the business in which the owner is engaged or permits to be carried on upon the premises." (*Trout v. Bank of Belleville* (1976), 36 Ill. App. 3d 83, 87, 343 N.E.2d 261, 264.) A trespasser is a person who enters the prem-

ises of another without permission or invitation. 36 Ill. App. 3d 83, 87, 343 N.E.2d 261, 264-65.

■ Initially, we note that the common law distinction between invitees and licensees as affecting the duty owed by a property owner to entrants has been abolished by the Premises Liability Act (Act) (Ill. Rev. Stat., 1984 Supp., ch. 80, par. 301 *et seq.*, eff. Sept. 12, 1984). Although neither of the parties has raised the question of whether the Act applies to this appeal, we find that it should not be applied retroactively to this case. " 'Legislative enactments are, in the absence of express language which provides otherwise, construed as prospective and not retrospective.' " (*In re Estate of Krotzsch* (1975), 60 Ill. 2d 342, 345, 326 N.E.2d 758, 760.) Here, the legislature has made no provision for retroactive application.

■ Returning to the plaintiff's first contention, we find that, as a matter of law, the plaintiff was a licensee. An invitee is one whom a property owner invites onto his premises; a licensee merely enters property with the owner's consent. Here, the plaintiff was not invited by the defendant to visit his father. The defendant may have permitted or acquiesced in the plaintiff's prior visits. However, mere tolerance or acquiescence does not constitute an invitation. (See Prosser, Torts sec. 61 (4th ed. 1971).) Furthermore, the plaintiff admits that there was no direct economic benefit to the defendant from his visit. We believe that if there was any noneconomic benefit to the defendant it was simply too remote to confer invitee status upon the plaintiff.

We hold, therefore, that there was no genuine issue as to any material fact regarding the plaintiff's status on the defendant's property. The defendant was entitled to judgment as a matter of law on count I.

■ The plaintiff's second contention is that the trial court erred in granting summary judgment as to count II (wilful and wanton misconduct).

The plaintiff does not appear to contend that a material question of fact exists as to whether the defendant breached its duty to refrain from wilful and wanton misconduct. Rather, he argues that since the doctrine of contributory negligence has been abolished in Illinois (*Alvis v. Ribar* (1981), 85 Ill. 2d 1, 421 N.E.2d 886), it is time to go a step further and abolish the rule that no duty to warn of obvious conditions is owed to a licensee.

In effect, the plaintiff is really asking us to abolish the common law distinction between the duty owed by a property owner to invitees and licensees. Subsequent to the plaintiff's injury and appeal, this

distinction has been abolished by the Premises Liability Act (Ill. Rev. Stat., 1984 Supp., ch. 80, par. 301 *et seq.*, eff. Sept. 12, 1984). However, the legislature, as mentioned above, made no provision for applying the Act retroactively. We are aware of no reason why we should apply the Act to this case.

Here, there is no question of wilful and wanton misconduct by the defendant. The plaintiff had traveled over the defendant's entranceway numerous times prior to the accident. He had known about the condition of the driveway for approximately one year. He actually saw the potholes and ruts as he turned onto the driveway on the day he was injured. Thus, the condition of the driveway was not hidden or concealed from the plaintiff. The fact that the plaintiff had actual knowledge of the condition of the driveway did not, as the plaintiff argues, constitute a basis for contributory negligence. Rather, it obviated the need for a warning.

We hold, therefore, that there was no genuine issue as to any material fact regarding whether the defendant breached its duty to the plaintiff. The defendant was entitled to judgment as a matter of law on count II.

For the foregoing reasons, the judgment of the circuit court of La Salle County is affirmed.

Affirmed.

BARRY and STOUDER, JJ., concur.