JOHN SHAFFER, Plaintiff-Appellee, v. WILLIAM MAYS, Special Adm'r for Gerald O. Lierly, Deceased, Defendant-Appellant.

Fourth District   No. 4—85—0472

Opinion filed February 10, 1986.—Rehearing denied March 10, 1986.

Richard P. O'Connell, Ltd., of Quincy, for appellant.

Donald G. Adams, of Quincy, for appellee.

JUSTICE GREEN delivered the opinion of the court:

On July 20, 1982, plaintiff, John Shaffer, filed suit in the circuit court of Adams County against his father-in-law, Gerald O. Lierly, seeking damages for personal injuries plaintiff suffered on November 11, 1980, while working on premises owned by Lierly. Negligence was charged. During the course of the proceedings and before trial, Lierly died and William Mays, as special administrator, was substituted as party defendant. On March 22, 1985, after a jury trial, the court entered judgment on a verdict in favor of the plaintiff and against the defendant in the sum of $91,021.92 plus costs. The jury found plaintiff to be damaged in the amount of $227,554 but reduced the award because of their determination that plaintiff's conduct created 60% negligence which was the proximate cause of the injuries. Defendant has appealed. We affirm.

Defendant makes two claims of error. We consider both assertions to turn on the question of whether, at the time of the occurrence, Lierly owed plaintiff a duty of care as to the existence of an open stairwell on the premises where the injury occurred. Defendant's first contention is that the court erred in giving the jury, over defendant's objection, the following instruction from Illinois Pattern Jury Instruction, Civil, No. 120.06 (2d ed. 1971):

> "The owner of property owed the plaintiff the duty to exercise ordinary care to keep the property reasonably safe for use by the plaintiff." (IPI Civil No. 120.06 (2d ed. 1971).)

Secondly, defendant maintains that the court should have directed a verdict in his favor. As we will show, the evidence was clearly sufficient for the jury to have concluded that Lierly was negligent in permitting the stairwell to remain open under the circumstances, and the evidence was conclusive that plaintiff was an invitee. That being so, the instruction was proper and the case was one for the jury to decide but only *if Lierly owed plaintiff a duty of care at the time.*

The following facts were not disputed. On November 11, 1980, plaintiff was aiding Lierly in remodeling a house owned by Lierly. Plaintiff was a home insulation contractor but was working gratuitously for Lierly. Employees of plaintiff were working on the remodel-

ing but were being paid directly by Lierly. By November 11, the work had been going on for three weeks. The work involved the removal of the upper structure of a portion of the house and the rebuilding of it on the existing foundation. A new floor had been built on an existing foundation and an opening for a small stairwell to the basement had been cut. Plaintiff had not worked continuously but had assisted in putting in the new floor and in cutting an opening in the corner of a room for the stairway.

In the morning of November 11, 1981, a decision was made to proceed after lunch with the erection of the roof. Lierly was present and participated in the decision; however, Lierly was not present after lunch when the work started. Plaintiff was called upon to help put trusses in place. These objects were 28 feet in length and weighed 200 to 250 pounds. While moving a truss into place with the aid of another worker, plaintiff was looking upward and towards the person helping him. Suddenly, he stepped into the uncovered hole and fell to the basement, sustaining severe injuries.

Both parties call our attention to the cases of *Genaust v. Illinois Power Co.* (1976), 62 Ill. 2d 456, 343 N.E.2d 465, *Sepesy v. Archer Daniels Midland Co.* (1981), 97 Ill. App. 3d 868, 423 N.E.2d 942, and *Longnecker v. Illinois Power Co.* (1978), 64 Ill. App. 3d 634, 381 N.E.2d 709. In *Genaust,* the supreme court indicated that sections 343 and 343A of the Restatement (Second) of Torts are followed in Illinois. Section 343 provides:

"A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

(b) should expect that they will not discover or realize the danger, or *will fail to protect themselves against it,* and

(c) fails to exercise reasonable care to protect them against the danger." (Emphasis added.) (Restatement (Second) of Torts sec. 343 (1965).)

Section 343A limits the liability of 343 and states:

"Known or Obvious Dangers.

(1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, *unless the possessor should anticipate the harm despite such knowledge or obviousness.*

(2) In determining whether the possessor should anticipate harm from a known or obvious danger, the fact that the invitee is entitled to make use of public land, or of the facilities of a public utility, is a factor of importance indicating that the harm should be anticipated." (Emphasis added.) Restatement (Second) of Torts sec. 343A (1965).

■ Comment *f* to the Reporter's notes to section 343A points out that a possessor of land may be under a duty of care to an invitee who knows of danger on the possessor's premises if the possessor "has reason to expect that the invitee's attention *may be distracted,* so that he will not discover what is obvious, or *will forget what he has discovered, or fail to protect himself against it."* (Emphasis added.) (Restatement (Second) of Torts sec. 343A, comment *f,* at 220-21 (1965).) Among the illustrations of the operation of section 343A are the following:

"(2) The A Department Store has a weighing scale protruding into one of its aisles, which is visible and quite obvious to anyone who looks. Behind and about the scale it displays goods to attract customers. B, a customer, passing through the aisle, is intent on looking at the displayed goods. B does not discover the scale, stumbles over it, and is injured. A is subject to liability to B.

(3) The A Drug Store has a soda fountain on a platform raised six inches above the floor. The condition is visible and quite obvious. B, a customer, discovers the condition when she ascends the platform and sits down on a stool to buy some ice cream. When she has finished, she forgets the condition, misses her step, falls, and is injured. If it is found that this could reasonably be anticipated by A, A is subject to liability to B." Restatement (Second) of Torts sec. 343A, comment *f,* illustrations 2 & 3, at 220-21 (1965).

■ The evidence here indicated that plaintiff knew of the existence of the hole for the stairway, but he was performing a distracting task while working with another to move a heavy and awkward object into place. The task required him to direct his attention to the actions of his co-worker and to the area above rather than to the floor and his feet. Obviously, he would not have intentionally stepped into the hole. The decedent, Lierly, knew that this type of work was to be performed on the floor and had "reason to expect" that, even if plaintiff and other workers like him knew of the hole, they would be likely to be distracted during the work and step into the hole. Thus, Lierly was under a duty to use reasonable care to protect plaintiff from the dan-

gers of the hole while plaintiff was doing this work.

■■ ■ Analysis of the issue in this case is made complicated because the foregoing explanation is stated mostly in terms of the existence of liability which involves both duty and breach. The supreme court has held that duty is a question of law for the court while breach (here negligence) is, within limits, a question of fact for the trier of fact. (*Genaust v. Illinois Power Co.* (1976), 62 Ill. 2d 456, 343 N.E.2d 465.) However, the given explanation makes clear that when an invitee is likely to be distracted, although he is aware of the danger, the duty of the owner or possessor exists as a matter of law. Additionally, a jury question exists, as the jury was instructed, as to whether the owner or possessor has exercised the care required. Based on the given instruction, the jury could have found that Lierly exercised reasonable care even though he did nothing to cover the hole, or it could have found that a reasonable person would have covered the hole. The jury could not have properly concluded that Lierly had no duty to be careful in regard to plaintiff.

■ In summary, the existence of duty as described by sections 343 and 343A was shown. The evidence was sufficient for the jury to have found that the duty had been breached by Lierly's negligence. The jury was instructed that this was a decision for them to make. They found that Lierly was negligent. The even greater negligence on the part of plaintiff did not negate the evidence of the duty, nor did it bar plaintiff's recovery. Rather, it reduced the amount of the recovery. (*Alvis v. Ribar* (1981), 85 Ill. 2d 1, 421 N.E.2d 886.) The court did not err. The judgment should be upheld.

Neither *Genaust, Longnecker,* nor *Sepesy* are inconsistent with our decision. In *Genaust v. Illinois Power Co.* (1976), 62 Ill. 2d 456, 343 N.E.2d 465, a landowner was held to have no duty to protect an invitee from the danger of electricity arcing from a nearby powerline that was not under the control of the owner nor on or over his land. In *Longnecker v. Illinois Power Co.* (1978), 64 Ill. App. 3d 634, 381 N.E.2d 709, an invitee workman who was climbing a powerline pole was injured when falling from a pole that was obviously defective. There was no indication that the dangers of the pole were hidden or that the workman was likely to be distracted. In *Sepesy v. Archer Daniels Midland Co.* (1981), 97 Ill. App. 3d 868, 423 N.E.2d 942, the plaintiff's decedent was killed when standing in back of a truck on a ramp when the truck moved backward, crushing the decedent. The court concluded that any danger in the slope of the ramp was obvious, and the owner had no duty of care to the decedent. The courts in both *Genaust* and *Sepesy* recognized that a duty will arise to an invi-

tee who knows or should know of a danger on the premises but would be likely to be distracted and overlook the danger.

We affirm for the reasons stated.

Affirmed.

McCULLOUGH, P.J., and SPITZ, J., concur.