SYLVIA ROSETT, Plaintiff-Appellant, v. LEATRICE SCHATZMAN, Defendant-Appellee.

First District (4th Division)   No. 86—1680

Opinion filed June 18, 1987.

Neil Kauffman & Associates, of Chicago (Neil Kauffman, of counsel), for appellant.

Stephen E. Sward and Sheryl J. Manning, both of Rooks, Pitts & Poust, of Chicago, for appellee.

JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, Sylvia Rosett, brought an action in the circuit court of Cook County against defendant, Leatrice Schatzman. Plaintiff and defendant each own a home in Illinois and a home in Florida. Plaintiff sought damages for injuries suffered while a social guest in defendant's Florida home. The trial court ruled that Illinois law, rather than

Florida law, applied to this case. Applying Illinois law, the trial court granted defendant's motion for summary judgment. Plaintiff now appeals, raising many issues. We will address only her contention that Florida law, rather than Illinois law, applies to this case.

We reverse and remand.

The record shows that plaintiff and defendant have lived in Chicago, Illinois, and have been friends for at least 30 years. Plaintiff and defendant each bought a home, one near the other, at the same time in Boca Raton, Florida. For several years, plaintiff spent approximately six to seven weeks in January and February at her Florida home. Defendant spent approximately two weeks in February and two weeks in August at her Florida home. Plaintiff and defendant visited each other often in Chicago; they visited each other in Florida every winter.

The record further shows that a sliding glass door separates the living room from the patio in defendant's Florida home. The door slides in a metal ledge that protrudes approximately two inches from the floor. Plaintiff alleged in her complaint that she was a social guest in defendant's Florida home on February 2, 1982. Plaintiff further alleged that, walking from the living room to the patio, she tripped on the ledge, fell and suffered injuries.

Plaintiff filed her complaint on February 1, 1984. She alleged that defendant owed her the duty of exercising reasonable care in maintaining her property, that defendant breached this duty, and that she was injured as a proximate result of defendant's negligence. Plaintiff sought $15,000 in damages. Defendant filed her answer on September 14, 1984. Defendant denied plaintiff's material allegations and, as an affirmative defense, stated that she did not owe plaintiff a duty of reasonable care, but rather, a duty not to act wilfully and wantonly.

Defendant moved for summary judgment on October 18, 1985. She contended that the law of Illinois applied to the facts of this case rather than Florida law. Noting that plaintiff was a social guest, defendant argued that, under Illinois law, she owed plaintiff only the duty not to act wilfully and wantonly. Since plaintiff did not allege that she (defendant) acted wilfully or wantonly, and since the facts would not support such an allegation if plaintiff made one, defendant argued that she was entitled to a judgment as a matter of law.

In response, plaintiff contended that Florida law applied to the facts of this case. Plaintiff noted that under Florida law, a property owner owes all persons on their property a duty of reasonable care under the circumstances. Since she properly stated a cause of action in negligence, plaintiff argued that summary judgment was improper.

On June 9, 1986, the trial court ruled that the law of Illinois applied to this case. The trial court next found that no factual issue existed as to any wilful and wanton misconduct by defendant. Thus, applying Illinois law to the facts, the trial court granted summary judgment for defendant. Plaintiff appeals.

■■ ■ In an action for negligence, a plaintiff must establish the existence of a duty of care that the defendant owes to the plaintiff, a breach of that duty and an injury proximately caused by the breach. The question of duty, "*i.e.*, whether the defendant and the plaintiff stood in such a relationship to one another that the law imposed upon the defendant an obligation of reasonable conduct for the plaintiff's benefit, is one of law for determination by the court." *Cunis v. Brennan* (1974), 56 Ill. 2d 372, 374, 308 N.E.2d 617, 618.

■■ ·Further, if the pleadings and other documents contain all of the evidence before the trial court, and if such evidence contains no issues of fact for a jury, requiring the court to direct a verdict, then the court should enter summary judgment. Additionally, summary judgment is proper when only a question of law is involved. Since the issue of duty is a question of law, summary judgment is proper if, under the pleadings and other documents, it appears that defendant owed no duty to plaintiff. *Barnes v. Washington* (1973), 56 Ill. 2d 22, 26-27, 305 N.E.2d 535, 538.

The issue before us, therefore, is what was the duty that defendant owed to plaintiff. To answer this question, we must first determine whether the applicable law is that of Illinois or of Florida.

Under Illinois law at the time of plaintiff's injury, the duty of a landowner to a person who entered the premises depended upon whether the person was an invitee, licensee, or trespasser. An invitee entered the premises of another by express or implied invitation, essentially for the landowner's or mutual business. A licensee entered the premises of another by express or implied permission, essentially for his or her own purposes rather than for the landowner's or mutual business. A trespasser entered the premises of another without invitation or permission. (*Grimwood v. Tabor Grain Co.* (1985), 130 Ill. App. 3d 708, 710-11, 474 N.E.2d 920, 922, citing *Trout v. Bank of Belleville* (1976), 36 Ill. App. 3d 83, 86-87, 343 N.E.2d 261, 264-65.) A social guest was a licensee. (*Kapka v. Urbaszewski* (1964), 47 Ill. App. 2d 321, 326, 198 N.E.2d 569, 572.) A landowner owed a duty of reasonable care for the safety of an invitee, but owed a duty only to not wilfully and wantonly injure a licensee or a trespasser. *Grimwood v. Tabor Grain Co.* (1985), 130 Ill. App. 3d 708, 710, 474 N.E.2d 920, 922, citing *Trout v. Bank of Belleville* (1976), 36 Ill. App. 3d 83, 86-

87, 343 N.E.2d 261, 264.

Florida law has eliminated "the distinction between commercial (business or public) visitors and social guests upon the premises, applying to both the single standard of reasonable care under the circumstances." (*Wood v. Camp* (Fla. 1973), 284 So. 2d 691, 695.) Florida has retained, however, the separate category of trespasser (284 So. 2d 691, 695) and a landowner's corresponding limited duty only to avoid harming the person wilfully and wantonly. (*Arias v. State Farm Fire & Casualty Co.* (Fla. App. 1983), 426 So. 2d 1136, 1138.) We note that this is now the law of Illinois. (Ill. Rev. Stat. 1985, ch. 80, pars. 302, 303.) This action arose, however, before the effective date of the statute. We must consider, therefore, only the previously mentioned common law of Illinois.

The trial court ruled that Illinois law applied to the case at bar. Defendant, therefore, owed plaintiff, a social guest, a duty only to not wilfully and wantonly injure her. Since the trial court found no facts in the record supporting wilful and wanton misconduct, he granted summary judgment for defendant.

■■ Under Illinois choice of law principles, "the local law of the State where the injury occurred should determine the rights and liabilities of the parties, unless Illinois has a more significant relationship with the occurrence and with the parties, in which case, the law of Illinois should apply." (*Ingersoll v. Klein* (1970), 46 Ill. 2d 42, 45, 262 N.E.2d 593, 595.) Four contacts are especially important in determining which of two States has the more significant relationship with the occurrence and the parties: (1) place of injury, (2) place of conduct causing the injury, (3) domicile and place of business of parties, and (4) place where parties' relationship is centered. *Jackson v. Miller-Davis Co.* (1976), 44 Ill. App. 3d 611, 615, 358 N.E.2d 328, 331, quoting Restatement (Second) of Conflict of Laws sec. 145 (1971).

■■ Where the issue involves standards of conduct, as it does in the instant case, the place of injury and the place of conduct causing the injury are the most important contacts in determining which State has the more significant relationship with the action. Further, "[i]t is usually appropriate to apply the law of the place of the tort in order to give effect to that jurisdiction's interest in regulating conduct within its territorial borders." *Jackson v. Miller-Davis Co.* (1976), 44 Ill. App. 3d 611, 616, 358 N.E.2d 328, 331.

■■ Applying the above principles to the instant case, we cannot say that Illinois has the more significant relationship with the occurrence and the parties. We conclude, therefore, that Florida law should apply. Plaintiff's injury occurred in Florida; defendant's conduct that

allegedly caused plaintiff's injury occurred in Florida. It was merely fortuitous that plaintiff and defendant were friends and both lived in Illinois. This relationship between Illinois and the action is insufficient for a court to apply Illinois law. We hold that Florida law applies to the instant case. Consequently, we agree with plaintiff that the trial judge erred in granting defendant summary judgment based on Illinois law.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

LINN and JIGANTI, JJ., concur.