KRISTIE FEARHEILEY, a Minor, by Tom Fearheiley, her Father and Next Friend, *et al.*, Plaintiff-Appellant, v. WILLIAM SUMMERS *et al.*, Defendants-Appellees.

Fifth District   No. 5—91—0333

Opinion filed June 16, 1993.

WELCH, J., dissenting.

Appeal from the Circuit Court of Saline County; the Hon. Arlie O. Boswell, Judge, presiding.

Gordon Lambert, of Harris & Lambert, of Marion, for appellant.

Charles E. Schmidt, of Brandon & Schmidt, of Carbondale, for appellees.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Plaintiff, Kristie Fearheiley, a minor, by Tom Fearheiley and Belinda Fearheiley, her parents and next friends, filed a negligence action in the circuit court of Saline County against defendants, William Summers and Connie Summers, for personal injuries plaintiff sustained as a social guest in defendants' home. The trial court granted defendants' motion for summary judgment, finding defendants owed no legal duty to plaintiff.

Plaintiff appeals the order of summary judgment, contending defendants did owe her a legal duty to exercise reasonable care for her safety under the facts of this case. We reverse and remand.

On October 16, 1989, plaintiff went to defendants' residence to visit defendants' son, Billy Summers. Plaintiff entered the house through the back door, as she had done every day for the 10 months she and Billy had been dating. As plaintiff left defendants' home that day, she tripped on a throw rug lying on the back porch between the kitchen door and a glass storm door. Plaintiff tried to catch herself by grabbing the storm door, but the glass broke, cutting her hand and wrist. Plaintiff filed suit, claiming defendants were negligent in maintaining the rug and the storm door. In her deposition, plaintiff stated that the rug was "wadded up a little" at one end, causing her to catch her toe and lose her balance. Plaintiff further testified that the wood floor under the rug was "kind of slicky" and the rug "would sometimes slip around." Discovery also showed that the woven rug was not secured in any way to the floor beneath it. Defendant William Summers testified in his deposition that the porch area where the rug was situated sloped toward the glass storm door and the door itself had no handle or knob which plaintiff might have grasped to steady herself.

Summary judgment will be granted only if the pleadings, depositions, and admissions on file show there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005(c); *Logan v. Old Enterprise Farms, Ltd.* (1990), 139 Ill. 2d 229, 564 N.E.2d 778.) To succeed on a claim of negligence, a plaintiff must prove the existence of a duty owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately resulting from that breach. (*Cunis v. Brennan* (1974), 56 Ill. 2d 372, 308 N.E.2d 617.) Whether a defendant owes a plaintiff a duty of care is a question of law for determination by the court. *Mieher v. Brown* (1973), 54 Ill. 2d 539, 301 N.E.2d 307.

Defendants contend they had no duty to plaintiff under the circumstances and assert summary judgment was proper. The sole issue before us is whether defendants and plaintiff stood in such a relationship to one another that the law imposed upon defendants an obligation of reasonable conduct for the benefit of plaintiff. (See *Ward v. K mart Corp.* (1990), 136 Ill. 2d 132, 554 N.E.2d 223.) Our supreme court has identified factors relevant to the existence of a legal duty. Such factors include the reasonable foreseeability of injury, the likelihood of injury, the magnitude of guarding against it, and the consequences of placing the burden upon the defendant. (*Ward*, 136 Ill. 2d at 140-41, 554 N.E.2d at 227.) Prior to 1984, common law dictated that the scope of the landowners' or occupiers' duty varied with the status of the entrant. At common law, there were three classes of en-

trants: invitees, licensees, and trespassers. An invitee is defined as a person who enters the premises pursuant to an express or implied invitation to transact business in which he and the owner have a mutual interest or to promote some real or fancied material, financial, or economic interest of the owners. (*O'Brien v. Rogers* (1990), 198 Ill. App. 3d 341, 351, 555 N.E.2d 1005, 1011.) Licensees enter the premises of another by express or implied permission and remain only by virtue of the possessor's consent. (*Rosett v. Schatzman* (1987), 157 Ill. App. 3d 939, 942, 510 N.E.2d 968, 970.) A social guest is a licensee. (*Kapka v. Urbaszewski* (1964), 47 Ill. App. 2d 321, 326, 198 N.E.2d 569, 572.) Trespassers are those who enter the premises of another without invitation or permission. *Grimwood v. Tabor Grain Co.* (1985), 130 Ill. App. 3d 708, 710-11, 474 N.E.2d 920, 922.

■ At common law, licensees and trespassers were owed substantially narrower duties by occupiers than were invitees. (*Pashinian v. Haritonoff* (1980), 81 Ill. 2d 377, 410 N.E.2d 21.) In 1984, the General Assembly enacted the Premises Liability Act (the Act ) (Ill. Rev. Stat. 1987, ch. 80, par. 301 *et seq.*), which provides, in pertinent part:

"§2. The distinction under the common law between invitees and licensees as to the duty owed by an owner or occupier of any premises to such entrants is abolished.

The duty owed to such entrants is that of reasonable care under the circumstances regarding the state of the premises or acts done or omitted on them." (Ill. Rev. Stat. 1987, ch. 80, par. 302.)

The Act retracted the limited immunity from tort liability enjoyed by owners and occupiers of land with respect to licensees but did not significantly alter the common law duty owed to invitees. (*Ward v. K mart Corp.* (1990), 136 Ill. 2d 132, 142, 554 N.E.2d 223, 227.) The standard of care formerly afforded solely to invitees is now afforded to licensees as well. Since the Act provides that a landowner's or occupier's duty toward both his invitees and licensees is that of reasonable care under the circumstances, and the Act did not significantly alter the common law duty owed to invitees, we find cases addressing the duty owed to invitees instructive on the issue before us.

■ Our supreme court adopted the rule set forth in sections 343 and 343A of the Restatement (Second) of Torts regarding the duty of possessors of land to their invitees. (*Ward v. K mart Corp.* (1990), 136 Ill. 2d 132, 554 N.E.2d 223; *Deibert v. Bauer Brothers Construction Co.* (1990), 141 Ill. 2d 430, 566 N.E.2d 239; *Genaust v. Illinois Power Co.* (1976), 62 Ill. 2d 456, 343 N.E.2d 465.) Section 343 provides:

"A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger." Restatement (Second) of Torts §343, at 215-16 (1965).

*Deibert*, 141 Ill. 2d at 434-35, 566 N.E.2d at 241; *Ward*, 136 Ill. 2d at 145-46, 554 N.E.2d at 229; *Genaust*, 62 Ill. 2d at 468, 343 N.E.2d at 472.

Defendants argue that because plaintiff was aware of the rug's presence, defendants are not liable for plaintiff's injuries. This argument leads us to section 343A(1) of the Restatement (Second) of Torts, which serves as an exception to section 343:

"(1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." (Restatement (Second) of Torts §343A(1), at 218 (1965).)

(*Deibert*, 141 Ill. 2d at 435-36, 566 N.E.2d at 241-42; *Ward*, 136 Ill. 2d at 149-51, 554 N.E.2d at 231-32; *Genaust*, 62 Ill. 2d at 468, 343 N.E.2d at 472.) According to the Restatement, "known" means "not only knowledge of the existence of the condition or activity itself, but also appreciation of the danger it involves." (Restatement (Second) of Torts §343A, Comment *b*, at 219 (1965); *Deibert*, 141 Ill. 2d at 435, 566 N.E.2d at 241.) "Obvious" denotes that "both the condition and the risk are apparent to and would be recognized by a reasonable [person], in the position of the visitor, exercising ordinary perception, intelligence, and judgment." Restatement (Second) of Torts §343A, Comment *b*, at 219 (1965); *Deibert*, 141 Ill. 2d at 435, 566 N.E.2d at 241.

In adopting section 343A as law, our supreme court held:

"A rule more consistent with an owner's or occupier's general duty of reasonable care, however, recognizes that the 'obviousness' of a condition or the fact that the injured party may have been in some sense 'aware' of it may not always serve as adequate warning of the condition and of the consequences of

encountering it." (*Ward*, 136 Ill. 2d at 148-49, 554 N.E.2d at 230.)

The *Ward* court also found comment *f* to section 343A significant:

"Comment *f* *** explains that reason to expect harm to visitors from known or obvious dangers may arise 'where the possessor has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it. *** In such cases the fact that the danger is known, or is obvious, is important in determining whether the invitee is to be charged with contributory negligence, or assumption of risk. It is not, however, conclusive in determining the duty of the possessor, or whether he has acted reasonably under the circumstances.' Restatement (Second) of Torts §343A, comment *f*, at 220 (1965)." *Ward*, 136 Ill. 2d at 149-50, 554 N.E.2d at 231.

Although the court recognized that the Restatement speaks to the more general question of liability, and not specifically to the existence of a duty, it found the principles expressed in sections 343 and 343A to be "consistent with the general duty of reasonable care owed to invitees and licensees." (*Ward*, 136 Ill. 2d at 151, 554 N.E.2d at 232.) From this conclusion, the court held that the principles of sections 343 and 343A are relevant to the resolution of whether an injury was reasonably foreseeable. (*Ward*, 136 Ill. 2d at 151, 554 N.E.2d at 232.) The court emphasized, however, the magnitude of guarding against the injury, the consequences of placing that burden upon the defendant, the likelihood of injury, and the possible seriousness of such an injury must also be considered. *Ward*, 136 Ill. 2d at 151, 554 N.E.2d at 232.

■ Applying these principles to the facts of the present case, we agree with plaintiff that defendants failed to meet the criteria for summary judgment. We first consider the public-policy factors used to determine the existence of a legal duty. As stated above, one relevant factor is the magnitude of the burden on defendants of guarding against the injury. In the case at bar, defendants' burden was slight. Defendants could have taken one of several minor precautions which might have prevented plaintiff's injury, such as repairing the storm-door handle, installing plexiglass in the storm door, using a different floor covering, or simply removing the throw rug from the wood surface. Furthermore, the consequences of placing such a burden on defendants are not great. Such precautions do not require great expenditures or unreasonable efforts by defendants. Additionally, the likelihood of a potentially serious injury was strong. There was some

indication that defendant Connie Summers knew of others slipping on the same rug prior to plaintiff's fall, defendant William Summers was aware that the floor sloped toward the storm door, and both defendants knew the glass door was breakable because they previously replaced the door's lower section of glass with plexiglass.

Looking to section 343 of the Restatement (Second) of Torts, which the trial court did not refer to in its order, we find plaintiff met the criteria for a court to find a duty was owed by defendants to plaintiff. Defendants knew of the condition of their back porch including the rug and the door. Defendants could expect that a teenager would not recognize the danger that an unattached rug thrown on a wood floor sloping toward a glass door could cause plaintiff to fall into the door, severely lacerating her hand. One could infer from the facts presented to the court that defendants failed to exercise reasonable care to protect plaintiff against the danger. Defendants argue that the rug was an ordinary household item used in an ordinary fashion, and since plaintiff was aware of the condition, no duty exists. Under section 343A of the Restatement, owners and occupiers of land are not liable for harm to entrants where the condition causing such harm is obvious, unless the possessor should anticipate the harm despite such knowledge or obviousness. (Restatement (Second) of Torts §343A(1), at 218 (1965).) Although we acknowledge the plaintiff was aware of the rug on defendants' porch, defendants could have reasonably foreseen that someone could receive serious injuries by falling on a rumpled throw rug situated on a floor sloping toward a glass door. In *Shaffer v. Mays* (1986), 140 Ill. App. 3d 779, 489 N.E.2d 35, the court held the defendants owed the plaintiff a duty when the plaintiff fell into an open and obvious hole in the defendants' house. (*Shaffer*, 140 Ill. App. 3d at 782-83, 489 N.E.2d at 38.) The court reached that conclusion even though the plaintiff knew of the existence of the hole, because the defendants had reason to expect the plaintiff might be distracted. *Shaffer*, 140 Ill. App. 3d at 782-83, 489 N.E.2d at 38.

In *Ward v. K mart Corp.*, the plaintiff was injured when he walked out of defendant's store carrying a large mirror and collided with a concrete post just outside the exit. The court found that it was reasonably foreseeable that a customer would collide with the post while carrying merchandise which could obscure his vision. (*Ward*, 136 Ill. 2d at 153-54, 554 N.E.2d at 233.) The court reached this conclusion even though the plaintiff passed the post on the way into the store and was therefore aware of its presence. Just as defendants in this case argue, the defendant in *Ward* asserted there was nothing inherently dangerous about the post and that it was just an ordinary

post. The court responded that the proper question is "not whether the post was inherently dangerous, but whether, under the facts of this case, it was unreasonably dangerous." (*Ward*, 136 Ill. 2d at 151-52, 554 N.E.2d at 232.) The court further enunciated that "there may also be conditions which, though seemingly innocuous enough in themselves, indeed present an unreasonable danger under certain circumstances." *Ward*, 136 Ill. 2d at 152, 554 N.E.2d at 232.

Defendants argue that *Lamkin v. Towner* (1990), 138 Ill. 2d 510, 563 N.E.2d 449, *Campbell v. Northern Signal Co.* (1981), 103 Ill. App. 3d 154, 430 N.E.2d 670, and *Bonamie v. Welsh* (1981), 95 Ill. App. 3d 349, 420 N.E.2d 243, support their argument that they owed no duty to plaintiff. These cases are clearly distinguishable from the case at bar. In *Lamkin*, the plaintiff filed suit against her landlord for personal injuries suffered by her child when her child fell through a window screen in the apartment the plaintiff rented from the defendant. Holding there is no duty on the part of the landlord to maintain screens strong enough to support the weight of a child leaning against it, the court applied principles relating to the relationship between landlords and their tenants. (*Lamkin*, 138 Ill. 2d at 518-19, 563 N.E.2d at 452.) Those principles do not apply to the present case, and neither does *Lamkin*.

The first issue in *Campbell* was whether the defendants had sufficient control over the instrumentalities which caused the plaintiff's injuries to infer negligence by the use of *res ipsa loquitur*. (*Campbell*, 103 Ill. App. 3d at 157, 430 N.E.2d at 673.) The second issue was whether one of the defendants was liable to the plaintiff for negligent supervision of his activities. (*Campbell*, 103 Ill. App. 3d at 157, 430 N.E.2d at 673.) Both issues are inapposite to the one presented in the case at bar.

In *Bonamie*, a five-year-old boy was injured when he fell through a glass door while playing at the defendants' residence. The court held that since the plaintiff failed to allege the door was inherently dangerous or that the surrounding conditions were anything but ordinary, the plaintiff's complaint failed to state a cause of action. (*Bonamie*, 95 Ill. App. 3d at 350, 420 N.E.2d at 244.) The court stated:

> "An owner is not required to protect against the perpetual possibility that a person, whether or not a child, will hurt himself under plain ordinary conditions." (*Bonamie*, 95 Ill. App. 3d at 350, 420 N.E.2d at 244.)

Plaintiff in the present case sufficiently alleged a dangerous condition at defendants' residence. Our holding does not impose on defendants the impossible burden of rendering their premises injury-proof. We

merely recognize that there are certain conditions which, although they might be known to entrants, may not in themselves satisfy defendants' duty of reasonable care. As stated by the *Ward* court:

"Whether in fact the condition itself served as adequate notice of its presence or whether additional precautions were required to satisfy the defendant's duty are questions properly left to the trier of fact." (*Ward*, 136 Ill. 2d at 156, 554 N.E.2d at 234.)

Further, the trier of fact may also consider whether plaintiff was guilty of negligence contributing in whole or in part to her injury and adjust the verdict accordingly. 136 Ill. 2d at 156-57, 554 N.E.2d at 234.

Our review of this record leads us to conclude that plaintiff presented sufficient facts to show a duty owing by defendants to plaintiff and raise genuine issues of material fact concerning plaintiff's allegation that defendants breached that duty. Accordingly, the trial court's entry of summary judgment based on findings of no duty and no genuine issue of material fact was in error.

For the foregoing reasons, the order of summary judgment of the circuit court of Saline County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

CHAPMAN, P.J., concurs.

JUSTICE WELCH, dissenting:

"A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." (Restatement (Second) of Torts §343A(1), at 218 (1965).)

(*Ward v. K mart Corp.* (1990), 136 Ill. 2d 132, 149, 554 N.E.2d 223, 231.) There is no question in the case at bar that plaintiff knew of the presence of the throw rug in defendants' home and appreciated that it sometimes became rolled or rumpled up and could cause one to trip. Plaintiff testified in her deposition that she visited defendants' home every day for many months; that she always used the back-porch door; that the throw rug was always present on the floor of the back porch; and that she had stumbled over the rug on previous occasions.

A possessor of land should anticipate harm to an invitee despite the invitee's knowledge, or the obviousness, of the condition on the land,

> "where the possessor has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it." (Restatement (Second) of Torts §343A, Comment f, at 220 (1965).)

(*Ward*, 136 Ill. 2d at 149-50, 554 N.E.2d at 231.) There is no evidence in the instant case that defendants had any reason to expect that an invitee's attention might be distracted as he or she was exiting the house through the back porch such that he or she would not discover the throw rug on the floor, or would forget having earlier encountered the throw rug on the floor, or would fail to protect himself against the throw rug on the floor. This is not a situation where the invitee might be distracted and fail to discover, or forget, a condition because he or she is carrying bulky items or merchandise which obstructs his or her view (see *Ward v. K mart Corp.* (1990), 136 Ill. 2d 132, 554 N.E.2d 223) or because he or she is performing a distracting task on the land (see *Shaffer v. Mays* (1986), 140 Ill. App. 3d 779, 489 N.E.2d 35) or because he or she is distracted by the possibility of some other danger on the land. See *Deibert v. Bauer Brothers Construction Co.* (1990), 141 Ill. 2d 430, 566 N.E.2d 239.

I conclude that defendants could not reasonably have been expected to foresee that plaintiff would become distracted and fail to discover, or remember, the throw rug on the floor of the porch, which she had previously encountered on numerous occasions. There was no reason to believe that plaintiff would be carrying bundles or packages which might obstruct her vision or distract her and make her forget the presence and danger of the rug on the floor, or that she would be engaged in some activity while using the porch to exit the house such as would distract her and make her forget the presence and danger of the throw rug or that she would be performing a distracting task which required her to turn her attention elsewhere.

A possessor of land cannot reasonably be expected to anticipate injuries which would ordinarily only result if the invitee were negligent. (*Ward*, 136 Ill. 2d at 152, 554 N.E.2d at 232.) A possessor of land need not anticipate injuries which result from an invitee's mere inattentiveness to a known and obvious condition rather than a distraction of the invitee's attention. There is nothing in the instant case to lead defendants to reasonably anticipate or foresee that an invitee's attention might be distracted from the known and obvious throw

rug on the floor. Defendants had no reason to anticipate that plaintiff would trip over the throw rug other than as a result of her own negligence.

A rag throw rug is a commonly used household item and defendants were using it in the customary and ordinary manner. A possessor of land is not required to protect against the perpetual possibility that an invitee will hurt himself or herself under plain, ordinary conditions. (*Bonamie v. Welsh* (1981), 95 Ill. App. 3d 349, 350, 420 N.E.2d 243, 244.) Under the facts of this case, the presence of the throw rug on the porch floor did not create an unreasonably dangerous condition, and defendants had no duty to protect plaintiff from the throw rug, the presence and danger of which she was well aware.

Accordingly, I conclude that defendants' duty to exercise reasonable care toward plaintiff did not extend to the risk that plaintiff would trip over the known and obvious throw rug and fall into and through the glass-paneled storm door while exiting defendants' residence. I would affirm the summary judgment entered in favor of defendants.