160    APPELLATE COURTS OF ILLINOIS.

Martens v. Public Service Co. of Northern Illinois, 219 Ill. App. 160.

Edward Martens, by Henry Martens, Appellee, v. Public Service Company of Northern Illinois, Appellant.

Gen. No. 6,789.

1. ELECTRICITY, § 12*—*when violation of ordinance shows negligence.* In an action to recover for personal injuries received by coming in contact with the electric current in the wires in a street which were used by defendant in operating its electric lighting system in a city, a violation by defendant of an ordinance requiring that it cover its wires with a durable insulation of not less than two coatings is prima facie evidence of negligence.

2. ELECTRICITY, § 12*—*what is duty of proprietor of electric lighting system.* It is the duty of a company operating an electric lighting system, in which its wires are run through the streets of a city and carry an electric current of 2,300 volts, to anticipate any lawful use which can be made of the streets by the public, including children as well as adults.

3. MUNICIPAL CORPORATIONS, § 1048*—*what is lawful use of street.* The lawful use of the public streets of a city, by the public, both adults and children, includes matters of business, convenience or pleasure.

4. ELECTRICITY, § 12*—*what is duty of electric company using streets.* A company maintaining wires in the public streets of a city through which it supplies an electric current is bound to know the dangers therefrom incident to the legitimate use of the streets by the public and to guard against such dangers by the exercise of care commensurate with them.

5. ELECTRICITY, § 27*—*when negligence is established.* In an action to recover for personal injuries received by plaintiff, a 7-year-old boy, by coming in contact with an electric current from defendant's wires maintained by it in the public streets of a city in operating an electric lighting system, it appeared that a city ordinance required defendant to cover its wires with a durable coating of insulation; that the wires carried a current of 2,300 volts; that they had not been renewed or reinsulated since being installed 18 years before and the insulation was ragged and decayed, leaving bare spots which had been in such condition for 5 years at least; that the duration of such insulation was about 5 years; that the injury was received while plaintiff, with other boys, was throwing rocks or bolts with strings attached over defendant's wire, and the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Martens v. Public Service Co. of Northern Illinois, 219 Ill. App. 160.

string which he threw contained a copper wire, and that when he attempted to pull it away from defendant's wire, it slipped to an uninsulated spot causing him to receive the shock; and that the children of that neighborhood had long been accustomed to play in that manner at that place. It was *held* that the jury were justified in finding that the failure to insulate the spot was negligence and that such negligence was the proximate cause of the injury.

6. ELECTRICITY, § 22*—*when child is not guilty of contributory negligence.* A child amusing himself by throwing a rock with a cord attached over an electric wire in a public street cannot be held to have anticipated that the cord would contain a copper wire and that the cord would come in contact with a part of the wire which was uninsulated, though required by ordinance to be insulated, and he would be injured by a shock therefrom, and is, therefore, not guilty of contributory negligence in so using the cord.

7. APPEAL AND ERROR, § 1548*—*when judgment will not be reversed for erroneous instruction.* A judgment will not be reversed because an instruction is subject to the criticism that it assumes a fact where the evidence is conclusive that the fact was as the instruction assumed it to be.

8. ELECTRICITY, § 22*—*when child is not a trespasser.* A 7-year-old child amusing himself in a public street by throwing a rock with a string attached over a wire maintained in the street by an electric power company is, not, in so doing, a trespasser upon the company's property, in the absence of evidence that his pursuit was wrong or illegal.

9. APPEAL AND ERROR, § 1514*—*when improper remark of counsel will not reverse judgment.* Improper remarks of counsel in his argument are not ground for reversal where objection was sustained to them and they were not of such a prejudicial character as that they could have affected the judgment or conclusions of the jury.

10. DAMAGES, § 133*—*when verdict is not excessive.* In an action to recover for injuries to a 7-year-old boy by an electric current, $5,000 is not excessive where his injuries were of such a severe character as to cause great pain and suffering from the terrible burns received, the fingers of his right hand were permanently injured, there being ankylosis of the joints of some of the fingers, as well as permanent injury to his nerves.

Appeal from the Circuit Court of Lake county; the Hon. CLAIRE C. EDWARDS, Judge, presiding. Heard in this court at the April term, 1920. Affirmed. Opinion filed October 27, 1920. *Certiorari* denied by Supreme Court (making opinion final).

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

EDGAR B. ELDER, for appellant.

ASHBEL V. SMITH, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

In this case the appellee, Edward Martens, a boy about 7 years of age, by Henry Martens his next friend, sued the appellant, Public Service Company of Northern Illinois, in the circuit court of Lake county, for injuries sustained coming in contact with the electric current of appellant's wires. The declaration charges that the appellant, a public service corporation, owns, controls and operates the electric lighting system in the City of Waukegan, and maintained on the west side of North Butrick street in that city certain wires on poles over which the appellant transmitted electricity to its patrons; that in accordance with the provisions of the ordinances then in force in the City of Waukegan, it was the duty of the appellant to cover the wires with a durable insulation of not less than two coatings; and that the appellant failed and neglected to maintain such insulation, and allowed the wires to become bare and unprotected in places, and to remain in that condition for a long period of time, in violation of the ordinance; and that the appellee, while in the exercise of such care as a boy of his tender years, experience and knowledge would ordinarily use under these conditions, came in contact with the bare, uncovered and uninsulated part of a wire which was charged with electricity, and thereby received a severe shock, and was severely burned and permanently injured.

The evidence shows that the appellee was playing in the street with other boys, and on the lawn in front of his father's home on North Butrick street; and that in course of their play the boys were throwing strings, which were attached to stones or bolts, over the wires

of appellant's line; and that the appellee took what appeared to be a green string, but which contained within it a fine copper wire thread, and threw it over one of appellant's wires which carried an electric current of 2,300 volts; and that when he attempted to pull this wire string off, it slipped to a bare spot on the wire, and thereupon he received the injury in question. The evidence also shows that these wires had been upon the poles since the system had been put into operation in Waukegan, or about 18 years; that neither the insulation nor the wires had been renewed or repaired since they were put up; that the insulation was in a ragged and decaying condition, leaving bare spots on the wires; and that these bare spots had been there at least 5 years. According to the evidence of appellant's electrical expert who was called as a witness, an insulated double weather-proof wire on an outside distribution line, such as the one in question, will begin to show real deterioration in about 5 years. There was a trial by jury, which resulted in a verdict in favor of the appellee for $5,000, and this appeal is prosecuted from the judgment.

Appellant asserts that the verdict is contrary both to the law and the evidence; that the accident to the appellee could not reasonably have been foreseen or guarded against by the appellant; and that the accident would have happened even if the insulation had not been worn off of the wires in spots; that the accident was not the natural, probable or proximate result of such defective condition, but that the proximate cause of the accident was put into motion by the appellee, by the light copper wire which was in the string he threw over the appellant's wire, and that therefore appellant is not legally liable; that it appears from the testimony of two electrical experts, who were witnesses for appellant, that even if the wire had been properly insulated, the insulation would not have been a protection against the happening of the accident in

question. We are unable to coincide with these contentions of appellant. The evidence is practically conclusive upon the question of appellant's negligence in not maintaining the insulation of the wires required by the ordinance, and allowing it to decay and deteriorate at least in spots, one of the spots being the place where the injury to appellee occurred. The violation of the city ordinance concerning the maintenance of the insulation intact is of itself prima facie evidence of negligence. *Rowe v. Taylorville 'Electric Co.*, 213 Ill. 318; *True & True Co. v. Woda*, 201 Ill. 315; *H. Channon Co. v. Hahn*, 189 Ill. 28; *Maxwell v. Durkin*, 86 Ill. App. 257; *Wabash R. Co. v. Kamradt*, 109 Ill. App. 203. Appellant is not in position to urge as an excuse for the violation of the ordinance that it had no reason to anticipate that the accident in question might happen, and therefore could not reasonably be expected to have guarded against it.

It was the duty of appellant, in the use of a dangerous agency such as an electric current of 2,300 volts, in the public streets of Waukegan, to anticipate any legal use of which could be made of the streets by the public, which included children; and the legal use of the streets included matters of business, convenience or pleasure. The streets of the city were not the private premises of appellant; they belonged to the public generally. Appellant was required to anticipate that the public would use the streets as they had a right to; and it was bound to know the dangers incident to the legitimate and legal use of streets and guard against such dangers by the exercise of care commensurate with them. *Rowe v. Taylorville Electric Co., supra; Becker v. Sanitary District of Chicago*, 194 Ill. App. 639; *Trapp v. Rockford Electric Co.*, 186 Ill. App. 379. The evidence shows that the children of the neighborhood where the accident occurred had been in the habit for a long time prior to the date of the accident, and as a part of their play, to throw strings over the wires

in question. While perhaps the appellant could not be charged with anticipating that one of the strings used might contain a copper wire thread, it is also true that the child using such string cannot be held to have anticipated injury from the use of such a string, and therefore cannot be held to have been guilty of contributory negligence in using it; nor can it be regarded, under the circumstances, as a trespasser upon appellant's property or premises—there being nothing wrong or illegal in the play of the children, so far as the evidence discloses. As to the contention of appellant, that the injury to appellee would have resulted any way, even if the wire had been properly insulated in accordance with the requirements of the ordinance, it must be pointed out that this was a matter merely of opinion of appellant's experts; while the evidence is clear that the appellee did not receive any shock or burn until the wire string, with which he was playing, came in contact with a bare spot on the wire. The jury under these circumstances were justified in finding from the evidence that the bare spot, which was on the wire in consequence of appellant's neglect to maintain the required insulation, was the proximate cause of the injury to the appellee.

Appellant also contends that error was committed in the giving of appellee's instruction No. 4, because it assumes the fact that the insulation of the electric wire in question was defective. It is true that this instruction does assume that fact and is subject to criticism on that account, but inasmuch as the evidence upon this point was conclusive, no harm resulted therefrom and it does not furnish a sufficient legal basis for the reversal of the judgment. *Petersen v. Elgin, A. & S. Traction Co.*, 238 Ill. 403; *Chicago Screw Co. v. Weiss*, 203 Ill. 536; *Citizens' Ins. Co. v. Stoddard*, 197 Ill. 330; *Illinois Cent. R. Co. v. King*, 179 Ill. 91; *Morris v. O'Brien*, 81 Ill. App. 203.

Appellant also complains of the refusal of the court

to give refused instruction No. 17. We are of opinion that this instruction was properly refused. A 7-year-old boy, who in playing in a public street throws what appears to be a string over an electric wire, which does not in any way injure the wire, nor interfere with it nor its use, cannot be considered as a trespasser on appellant's property or premises. The instruction was therefore properly refused.

Complaint is also made of certain remarks made by counsel for appellee in the course of his argument to the jury. The remarks made were improper, and an objection was sustained to them by the court. We do not regard the remarks to be of such a prejudicial character that they could have affected the judgment or conclusions of the jury upon the questions at issue; and the sustaining of the objections to the remarks under these circumstances sufficiently guarded the appellant against any injurious effect that they might have produced on the deliberations of the jury; they are not regarded therefore as reversible error. It is also insisted that the amount of damages fixed by the jury is excessive. The injuries to the appellee, as described by the witnesses, were of such a severe character as to cause not only great pain and suffering from the terrible burns incurred, but also permanent injuries to the fingers of appellee's right hand—ankylosis of the joints of some of the fingers as well as permanent injury to his nerves. We are of opinion that in view of these grave consequences, which will follow the appellee through life, that the amount fixed is not excessive.

We find no reversible error in the record, and judgment is therefore affirmed.

*Judgment affirmed.*