CHRISTOPHER BONDER, a Minor by his Mother and Next Friend, Carolyn Bonder Sotos, Plaintiff-Appellant, v. COMMONWEALTH EDISON COMPANY *et al.*, Defendants-Appellees.

First District (5th Division) No. 86—2557

Opinion filed March 11, 1988.

Botti, Marinaccio, DeSalvo & Pieper, Ltd., of Oak Brook (Aldo E. Botti, Frank J. DeSalvo, John N. Pieper, and John R. Wimmer, of counsel), for appellant.

Donald J. O'Brien, Jr., of Chicago (Michael W. Rathsack, of counsel), for appellee Commonwealth Edison Company.

Pretzel & Stouffer, Chartered, of Chicago (Robert Marc Chemers and Samuel B. Isaacson, of counsel), for appellees Richard Delhey and Jean Delhey.

JUSTICE LORENZ delivered the opinion of the court:

Plaintiff Christopher Bonder, by his mother and next friend, Carolyn Bonder Sotos, brought this action against defendants Commonwealth Edison Company and Richard and Jean Delhey for injuries he sustained when he pulled a companion away from Edison's power line while climbing a tree on the Delhey's property. The circuit court of Cook County granted defendants' motions for summary judgment as to plaintiff's two negligence counts against them. A third count against Edison, based on a theory of absolute liability, was dismissed and no appeal has been taken from that order.

We affirm, finding as a matter of law that defendants owed no duty to warn the plaintiff, then 14 years old, of the open and obvious danger posed by power lines.

The depositions on file establish the following facts pertinent to our disposition of this appeal. On June 2, 1979, plaintiff and Dan Delhey, then 14 and 15 years old, respectively, decided to climb a tree in the Delheys' backyard in order to hide two planters containing marijuana plants. While in the tree plaintiff placed his planter on top of a utility pole from which power lines were suspended. He then noticed that Dan was lying over a tree limb with his hand touching one of the power lines. When he grabbed one of Dan's legs to pull him off the line, he then received the injuries which are the subject of this suit.

At the time of the incident plaintiff and Dan had both finished ninth grade. Both admitted being aware of the lines prior to the incident, but denied knowing that they were electrical lines. Plaintiff stated that he thought they were telephone lines. Dan said he did not think about what kind they were. However, Dan's father testified that he had warned Dan that they were dangerous electrical lines. Plaintiff also testified in his deposition that although he was aware of the existence of high tension lines, he had not known that electricity was carried in wires to houses and buildings because electricity had reached the homes he previously lived in via underground tubes.

There was conflicting deposition testimony about prior instances of tree-climbing in the Delheys' backyard. Plaintiff testified that he and Dan had climbed the tree in question two or three times. He also testified that Dan had told him he had previously climbed that tree. However, Dan denied having climbed the tree before and further tes-

tified that as far as he knew plaintiff had not previously climbed it either.

Dan did testify that he and his brother had climbed another tree in the backyard, an apple tree. His mother, defendant Jean Delhey, testified that one of her children had climbed the apple tree but she had not seen any other children climb any of their trees. Defendant Richard Delhey stated that prior to the incident he was not aware of any children climbing any of the trees in his yard. After the incident Dan told him that he had climbed the tree at issue the previous year.

OPINION

■ Under Illinois law, to establish a special duty to remedy an allegedly dangerous condition or to protect children from that condition, three things must be established:

> 1. the condition is a dangerous one which is likely to cause injury to children because, by reason of their immaturity, they are incapable of appreciating the risk involved;
>
> 2. children habitually frequent the vicinity of the dangerous condition;
>
> 3. the expense or inconvenience of remedying the condition is slight compared to the risk to the children.

*Kahn v. James Burton Co.* (1955), 5 Ill. 2d 614, 126 N.E.2d 836.

■ The question of whether a duty exists is an issue of law to be determined by the court. (*Barnes v. Washington* (1973), 56 Ill. 2d 22, 305 N.E.2d 535.) In granting the defendants' motion for summary judgment in this cause the circuit court found as a matter of law that plaintiff failed to establish that children habitually frequented the vicinity of the power lines. The court also found as a matter of law that children ages 14 and 15 are able to appreciate the dangers presented by overhead power lines. On the basis of these findings the court held that defendants owed no special duty of care to protect the plaintiff from those lines. We find that Illinois law clearly supports the latter finding. Therefore we do not reach the issue of whether a question of fact remained as to children habitually frequenting the vicinity.

■ In determining whether children, because of their immaturity, will be incapable of appreciating the risk involved in a dangerous condition, it has been held that obvious risks which children of a similar age and experience would be expected to appreciate create no duty to remedy the dangerous condition. (*Newby v. Lake Zurich Community Unit, District 95* (1985), 136 Ill. App. 3d 92, 482 N.E.2d 1061.) In *Genaust v. Illinois Power Co.* (1976), 62 Ill. 2d 456, 343 N.E.2d 465, a case involving an adult plaintiff, the Illinois Supreme Court held that

it is common knowledge that any wire carrying electricity is dangerous. Subsequently in *In re Estate of Dickens* (1987), 161 Ill. App. 3d 565, 515 N.E.2d 208, we held that the presumption of such knowledge extended to 14- and 15-year-old boys working with an antenna which came into contact with a power line. Therefore, in that strict liability action, the manufacturer of the antenna had no duty to warn of the danger of electrocution in the event the antenna touched a power line. Similarly, in this cause we find that because boys of plaintiff's age and experience are as a matter of law deemed to be capable of understanding the dangers involved in contacting power lines, the defendants had no duty to warn the plaintiff or otherwise remedy the dangerous condition. Accordingly summary judgment was properly entered for defendants on plaintiff's negligence counts against them.

The judgment of the circuit court of Cook County is affirmed.

Affirmed.

PINCHAM and MURRAY, JJ., concur.