JARRETT A. KNYAL, Plaintiff-Appellant, v. ILLINOIS POWER COMPANY, Defendant-Appellee.

Fourth District   No. 4—87—0392

Opinion filed May 5, 1988.

Londrigan, Potter & Randle, P.C., of Springfield (Craig A. Randle, of counsel), for appellant.

Arnold F. Blockman and Jerome P. Lyke, both of Hatch, Blockman, McPheters, Fehrenbacher & Lyke, of Champaign, for appellee.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

On July 1, 1986, plaintiff Jarrett A. Knyal brought suit in the circuit court of Champaign County against defendant Illinois Power Company seeking to recover compensatory damages for injuries he received on October 28, 1985, when he came into contact with an electric power line owned and operated by defendant. The original count of the complaint charged defendant with negligence and a later-filed count was brought pursuant to section 5—201 of the Public Utilities Act (Act) (Ill. Rev. Stat. 1985, ch. 111²/₃, par. 5—201) which charged defendant with a violation of the rules of the Illinois Commerce Commission (ICC). Upon separate motions by defendant, the counts were dismissed in bar of action. A dispute over whether plaintiff's attempt to appeal was timely has been resolved by the supreme court by a supervisory order directing us to hear the appeal. We reverse.

The first count of the complaint alleged plaintiff was on the roof of a fraternity house near the University of Illinois campus in Champaign at the time of his injury. The count alleged defendant had negli-

gently placed its wire too close to the building thus proximately causing his injury. The motion to dismiss that count was brought pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619) and alleged any cause of action claimed by plaintiff was defeated by the affirmative fact plaintiff was a trespasser on the roof at the time of his injury. The motion to dismiss was supported by the evidence and discovery deposition of Michael J. O'Donnell.

In the deposition, O'Donnell testified: (1) at the time of plaintiff's injury, he and plaintiff were in Champaign for homecoming weekend; (2) at about 7 p.m., October 27, 1985, the two began consuming alcoholic beverages and between 12:30 and 1 a.m. they went to the fraternity house previously described; (3) a party not open to the public was in session in the basement, and a friend obtained permission for them to attend the party; (4) subsequently, plaintiff and O'Donnell decided to steal a fraternity banner which was hanging from the front of the roof of the building; (5) without obtaining permission from anyone, the two went to the back of the building and climbed up to the roof, which was flat; (6) plaintiff untied the banner from the roof and attempted to throw it down, but it caught on defendant's utility line; and (7) when plaintiff attempted to reach the banner with a stick of lumber, O'Donnell saw a flash of light, and plaintiff fell from the roof.

Defendant maintains O'Donnell's deposition establishes, as a matter of law, plaintiff was a trespasser, because in climbing the roof to steal the fraternity banner, plaintiff clearly exceeded any express or implied invitation he had to enter the premises of the fraternity. For reasons we will explain, we need not decide whether the record conclusively shows plaintiff was a trespasser.

■■ The parties do not dispute the general rule of law that an owner or occupier of premises has no duty to exercise ordinary care to prevent injury to a trespasser on the premises. The only duty owed to such a person is to refrain from wilful or wanton misconduct. (*Grimwood v. Tabor Grain Co.* (1985), 130 Ill. App. 3d 708, 474 N.E.2d 920.) The parties also agree section 3 of the Premises Liability Act (Ill. Rev. Stat. 1985, ch. 80, par. 303) retains the foregoing common law principle. Plaintiff disagrees with the position of defendant, accepted by the circuit court, that a person or entity, such as defendant, who is not an owner or an occupier of the premises where the trespass takes place is also relieved of a duty to use ordinary care so as not to injure the trespasser.

■ All Illinois precedent cited arises from cases decided more than half a century ago. Plaintiff relies upon the case of *Johnson v.*

*City of St. Charles* (1916), 200 Ill. App. 184. There, a judgment in favor of the estate of a minor against a city operating a municipal electric system was upheld in a negligence action. The minor had run into a field belonging to a third party and was electrocuted by a fallen wire which was a part of the city's electrical system. The court stated that whether the boy was a trespasser was immaterial because, in any event, the boy was not trespassing on the premises of the negligent defendant.

Defendant relies primarily on *Gherra v. Central Illinois Public Service Co.* (1918), 212 Ill. App. 48, where allegations that a minor had climbed a tree on land of another and had been electrocuted when he came in contact with the power line of an electric utility, which had negligently left its wires uninsulated, was held to fail to state a cause of action. The court noted the minor was a trespasser, and his injury was his own fault. The court then stated the defendant had no reason to anticipate a person would climb the tree and, accordingly, the dangerous wire was not the proximate cause of the boy's death.

Defendant also relies on *Deming v. City of Chicago* (1926), 321 Ill. 341, 151 N.E. 886, *Austin v. Public Service Co.* (1921), 299 Ill. 112, 132 N.E. 458, *Commonwealth Electric Co. v. Melville* (1904), 210 Ill. 70, 70 N.E. 1052, and *Martens v. Public Service Co.* (1920), 219 Ill. App. 160. In all of those cases, a person was injured by coming into contact with a wire, alleged to be negligently maintained. The courts indicated the question of whether the person who had been injured was a trespasser on the premises where the injury occurred was significant. In some of the cases, the party charged with negligence was not the owner or occupier of the premises. However, in all cases, the court held the injured party had not been a trespasser.

The position propounded by the defendant and accepted by the circuit court is contrary to that taken by the Restatement (Second) of Torts in its section 386. There, the privilege against liability to trespassers for negligence in the maintenance on land of a "structure or other artificial condition" which a person "should recognize as involving an unreasonable risk of harm to others" is limited to "the possessor of [the] land or a member of his household or one acting on his behalf." Restatement (Second) of Torts §386, at 295 (1965).

An illustration to section 386 states:

> "The A Electric Power Company strings its heavily charged high tension wires across the land of B. Owing to the failure of the A Company to make a timely inspection, the fact that one of these wires has been damaged by a storm and is likely to fall at any moment is not discovered. The wire does fall and, in fall-

ing, strikes C, inflicting serious burns upon him. The A company is subject to liability to C irrespective of whether C is on B's land with B's consent or as a trespasser, and irrespective of whether B has consented to the stringing of the wires across his land, *unless the maintenance of the wires on B's land is not only with B's permission but also for the purpose of supplying B with electrical service."* (Emphasis added.) Restatement (Second) of Torts §386, illustration 1, at 296 (1965).

We conclude any controlling precedent is very weak and inconclusive. The opinion in *Gherra v. Central Illinois Public Service Co.* (1918), 212 Ill. App. 48, does not make entirely clear whether the court was relying upon the status of the decedent as a trespasser as a basis for its determination or whether the determination was made on the basis of a lack of showing of probable cause because the defendant did not have to anticipate someone might climb the tree. On the other hand, the court in *Johnson v. City of St. Charles* (1916), 200 Ill. App. 184, clearly stated that the status of that decedent as a trespasser was immaterial as the defendant was not one who could grant permission to enter the premises. We conclude the rule of *Johnson* and of the Restatement (Restatement (Second) of Torts §386 (1965)) is the better rule, because as far as a defendant not being an occupier or one closely connected thereto is concerned, whether the injured party has appropriate authority to be on the premises is entirely fortuitous. We agree, however, with the indication in the illustration to section 386 that when wires are on the premises of an occupier to supply service to the occupier, the party maintaining the wires has sufficient connection to the occupier to place it in the same position in regard to trespassers as that of the occupier.

Nothing we have stated is intended to make the possible status of the injured party as a trespasser immaterial on the question of whether that party's presence on the premises was foreseeable or whether that party was guilty of contributory negligence for comparative purposes. Defendant maintains here the plaintiff's presence on the roof and his coming in contact with defendant's wire was not reasonably foreseeable, but we cannot say that the record before us makes a conclusive showing of such lack of foreseeability.

The affirmative matter shown did not justify the dismissal of the first count regardless of plaintiff's status.

Section 5—201 of the Act, upon which the second count was based, creates a cause of action for civil damages for any "persons or corporations affected" by a violation by a public utility of the "Act or any rule, regulation, order or decision" of the ICC. (Ill. Rev. Stat.

1985, ch. 111²/₃, par. 5—201.) That count alleged defendant violated General Order 160 of the ICC, which required plaintiff's power line have a clearance of 15 feet from the roof of the fraternity house. Defendant seeks to justify the circuit court's entry of summary judgment as to that count on the basis: (1) an allegation of negligence or wilful and wanton conduct is a necessary element in stating a cause of action under section 5—201; (2) plaintiff's proved status as a trespasser precluded his recovery; and (3) plaintiff should not have been allowed to file the second count because it had lost jurisdiction when the court granted it leave to do so.

■ Defendant's theory that allegations of negligence or wilful and wanton misconduct are an element of section 5—201 liability is based largely on the decision in *Barthel v. Illinois Central Gulf R.R. Co.* (1978), 74 Ill. 2d 213, 384 N.E.2d 323, where the court held contributory negligence barred recovery in a case brought under the then counterpart of section 5—201. (Ill. Rev. Stat. 1969, ch. 111²/₃, par. 77.) That opinion also indicated "strict liability" was an "inappropriate" concept when applied to the action brought there. (*Barthel*, 74 Ill. 2d at 223, 384 N.E.2d at 328.) We do not interpret *Barthel* to indicate a requirement for negligence to be pleaded in a section 5—201 case of the nature here. That court stated that, although the statutory proceeding brought there was not one where strict liability was involved, the negligence of a utility (there a railroad) is "conclusively presumed" from a violation of the Act. *Barthel*, 74 Ill. 2d at 223, 384 N.E.2d at 328.

The *Barthel* court also indicated that had the regulation alleged to have been violated been one which did not specify the standard required of the utility, that plaintiff would have had to prove the utility's "behavior was unreasonable." (*Barthel*, 74 Ill. 2d at 222, 384 N.E.2d at 328.) However, there the rules allegedly violated set forth a requirement for the flashing of lights at a crossing to warn of the approach of the trains and negligence was "conclusively presumed." Here, the alleged violation concerned the existence of a power line within a specified distance from a building. Reasonableness was not in issue.

Defendant concedes that under *Barthel*, proof of defendant's violation of the ICC's specific order alleged would raise a conclusive presumption of negligence on defendant's part but argues negligence must nevertheless be proved. Defendant places emphasis on the *Barthel* court's statement that the statutory provision (now section 5—201) under which the action was brought does not create a strict liability action. The entire focus of that language appeared to be di-

rected to the ability of defendants to assert what the opinion referred to as defenses to the action. In any event, even if negligence on the part of the defendant is an element of the offense, we cannot agree with defendant that plaintiff was required to allege negligence. If negligence is conclusively presumed to arise from the existence of the violation of a specific order of the type here, the presumption operates in regard to the pleadings as well as the proof. See *Parrino v. Landon* (1956), 8 Ill. 2d 468, 134 N.E.2d 311.

■ Defendant cites no authority for its contention that if plaintiff were a trespasser, plaintiff would be barred from recovery under section 5—201. While the *Barthel* opinion may give rise to a theory that a section 5—201 action has many attributes of a common law tort action, we need not answer the question of whether a common law rule, limiting the duty of an occupier of land to a trespasser, may be of aid to defendant here. We have previously held that defendant was not shown to be an occupier of the premises where plaintiff's injury took place, and thus, defendant had a common law duty to exercise due care in regard to plaintiff.

■ Defendant's final contention arises from the following sequence of procedural matters. On July 1, 1986, the circuit court (1) filed a memorandum of opinion; (2) pronounced an order, reflected in a docket entry, which purported to allow a motion by defendant to dismiss what was then plaintiff's amended one-count complaint; and (3) struck the case. The docket entry noted a written order was to follow and contained a finding pursuant to Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)). On January 2, 1987, plaintiff moved to reconsider "the Court's Memorandum of Opinion" and for leave to file an amended complaint. On January 9, 1987, defendant filed a motion for "Entry of a Final Order." After hearing arguments, the court entered an order reflected in a docket entry which denied the motion to reconsider. Then on March 17, 1987, plaintiff was granted leave to file an amended complaint. Citing *Basden v. Finck* (1982), 106 Ill. App. 3d 108, 435 N.E.2d 783, defendant contends the circuit court lost jurisdiction to allow the filing of the amended complaint.

Although the docket entry of July 1, 1986, purported to dismiss the then one-count complaint in bar of action, that purported judgment was not effective until a written order was filed because of the notation that such an order was to be presented. (107 Ill. 2d R. 272.) At that time, the case consisted of a single claim between two parties. Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)) was not applicable. As no final order was ever entered and effective during the time before the court allowed amendment, we need not decide the question

involved in *Basden* as to whether, after entry of final judgment, a circuit court can allow amendments to complaints for purposes other than to conform pleadings to proof. Nothing occurred during these proceedings which supported the subsequent summary judgment on appeal.

We conclude the circuit court erred in granting summary judgment for defendant as to the first and the second counts. We reverse both judgments and remand to the circuit court of Champaign County for further proceedings.

Reversed and remanded.

LUND and SPITZ, JJ., concur.